UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIVESTER THOMAS, | : | |
|     Petitioner | : | |
| | : | No. 1:17-cv-00126 |
| v. | : | |
| | : | (Judge Kane) |
| WARDEN R. A. PERDUE, | : | |
|     Respondent | : | |

**MEMORANDUM**

Petitioner Clivester Thomas, an inmate currently confined at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") in Minersville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 23, 2017, seeking an order to transfer him to a Residential Re-Entry Center ("RRC") to serve the remaining six years of his prison sentence in accordance with an incentive provision in the Second Chance Act of 2007. (Doc. No. 1.) Petitioner has also filed a motion for a status report (Doc. No. 8), requesting the status of his case. For the reasons that follow, the Court will deny the petition and motion.

**I.     BACKGROUND**

Petitioner is serving a 303-month sentence for drug trafficking offenses imposed by the United States District Court for the Northern District of Illinois and has a projected release date of January 1, 2024. (Doc. No. 7 at 2.) Petitioner asserts that his case manager informed him that he is not eligible for RRC consideration until the final 17 to 19 months of his sentence pursuant to the Bureau of Prison's ("BOP") RRC policy. (Id.) Accordingly, the earliest that Petitioner can reach RRC consideration is in four years. (Id.) Rather than pursue administrative remedies concerning his RRC placement, Petitioner filed this habeas corpus petition, requesting that this Court promptly transfer him to RRC for the remainder of his sentence.

1

### A. The Second Chance Act and BOP Implementing Guidance

On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 697 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, went into effect. The Act contains provisions designed to aid prisoners in their return to society outside of prison and increases the duration of pre-release placement in a RRC from six (6) to twelve (12) months. 18 U.S.C. § 3624(c)(1), (c)(6)(C). The BOP's policies provide that, ordinarily, recommendations for RRC placements are first reviewed with the inmate and the prisoner's Unit Team approximately seventeen (17) to nineteen (19) months prior to the inmate's probable release date. (Id.) Referrals are made to the Community Corrections Manager, who coordinates the placements. (Id.) Each inmate recommendation and referral is conducted with the understanding that inmates are entitled to a maximum RRC placement of twelve months, but that specific RRC placement recommendations should be based on an individualized assessment of the criteria set forth in 18 U.S.C. § 3621(b), including a particular inmate's needs for services, public safety, and the BOP's need to manage its inmate population responsibly. (Id.) When assessing an inmate for an RRC recommendation, the prison Unit Team must review the resources of the facility contemplated, the nature and circumstances of the inmate's offense, the inmate's history and characteristics, any statement of the court that imposed the sentence, and any pertinent policy statement issued by the U.S. Sentencing Commission. (Id.) The inmate's institutional conduct and programming are also an important part of this assessment process, and are considered to determine whether additional RRC time is warranted as an incentive for positive behavior by the inmate under 42 U.S.C. § 17541.

In the instant case, Respondent contends that because Petitioner has a projected release date of January 1, 2024, he is not yet eligible for review for RRC placement until at least another four years. (Doc. No. 7 at 8.) Therefore, Respondent asserts that no decision on RRC placement for Petitioner has been made, and, as a result, the case is not ripe for adjudication. (Doc. No. 7 at 8-9.)

B.     **BOP's Grievance Procedures**

Regarding an inmate's concern with RRC placement and other institutional matters, the BOP has adopted a three-tiered administrative remedy procedure where an inmate may submit complaints relating to any aspect of his confinement. 28 C.F.R. § 542.10. Generally, an inmate must first present his complaint to staff in an attempt to resolve the matter informally. Id. § 542.13(a). If informal resolution is unsuccessful, the inmate may file a formal written complaint to the warden on the appropriate form within twenty (20) calendar days of the date on which the events forming the basis for the complaint took place. Id. § 542.14(a). If the inmate is dissatisfied with the warden's response, the inmate may file an appeal to the Regional Director within twenty (20) calendar days. Id. § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, the Regional Director's decision may be appealed to the General Counsel ("Central Office") within thirty (30) calendar days from the date of the Regional Director's response. (Id.) The Central Office decision is the final level of administrative review. (Id.)

Respondent notes that in addition to this action being brought prematurely, Petitioner has not filed any grievances in accordance with the BOP's Program Statement, 28 C.F.R. § 542.10,

related to RRC placement.[1]  (Doc. No. 7 at 3-6.)  Accordingly, Respondent argues that this case should be dismissed for Petitioner's failure to exhaust his administrative remedies.

## II.  DISCUSSION

### A.  Exhaustion Doctrine Bars Consideration of Habeas Petition

Petitioner's habeas petition is procedurally flawed in that he has failed to exhaust his administrative remedies.  Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to filing a § 2241 petition.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (holding "that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice attributable thereto"); Arias v. United States Parole Comm'n., 648 F.2d 196, 199 (3d Cir. 1981) (concluding that, in the context of a habeas petition filed under § 2241, "the district court should have dismissed appellant's petition on exhaustion grounds").  Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

The Court concludes that Petitioner has not exhausted his administrative remedies with respect to his RRC placement.  Indeed, Petitioner has never filed a grievance regarding his RRC placement.  Rather, he asks the Court to excuse him from exhausting his administrative remedies

---

[1] Petitioner has pursued thirty-nine (39) administrative remedies with the BOP, none of which, however, concern his RRC placement.  (Doc. No. 7 at 3.)

because he alleges that he is challenging BOP policy concerning RRC placement, rather than its application, and that any administrative remedy process would be futile. (Doc. No. 1 at 3, 7.)

When presented with similar habeas claims seeking placement in a residential setting under the Second Chance Act, courts within this district have consistently concluded that "[e]xhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate." Ross v. Martinez, No. 09-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (synthesizing applicable district court decisions). Accordingly, this Court has consistently rejected habeas petitions brought under the Second Chance Act when inmates have failed to exhaust their administrative remedies. See, e.g., Bisulca v. Schism, No. 09-2552, 2010 WL 1805394 (M.D. Pa. May 5, 2010); McCooey v. Martinez, No. 09-1533, 2010 WL 411744 (M.D. Pa. Jan. 25, 2010); Lacy-Thompson v. Martinez, No. 09-1320, 2009 WL 4823875 (M.D. Pa. Dec. 14, 2009); Ferris v. Holt, No. 09-1465, 2009 WL 3260557 (M.D. Pa. Oct. 8, 2009).

Moreover, Petitioner cannot avoid the exhaustion requirement by simply asserting that he regards the administrative remedy process as futile. Melchiorre v. Martinez, No. 09-1123, 2009 WL 3241678, at *3 (M.D. Pa. Sept. 30, 2009) (stating that "exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark"). As noted by the United States Court of Appeals for the Third Circuit, when discretionary prison decisions regarding RRC placement are examined, exhaustion is required before a prisoner may proceed to federal court. Vasquez v. Strada, 284 F.3d 431, 434 (3d Cir. 2012).

Because Petitioner has not exhausted his administrative remedies and has not shown that his failure to do so is excusable, as a threshold matter, the Court will dismiss this petition without prejudice to the filing of a new § 2241 petition after Petitioner exhausts his administrative remedies.

**B.      Ripeness Doctrine Precludes Review of Petition**

Petitioner's habeas petition is also procedurally flawed in that his claim is not ripe for adjudication, as the BOP has not yet made an RRC placement decision in his case.  The Court agrees with Respondent's assertion that, pursuant to the Second Chance Act, RRC placement is not available to Petitioner until the final months of his prison term.  The Court cannot address Petitioner's concerns without the existence of a genuine, currently justiciable case or controversy.  See Curry v. Thomas, No. 1:CV-14-0756, 2014 WL 4078639, at *2 (M.D. Pa. Aug. 18, 2014.)

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon v. E. Ky.Welfare Rights Org., 426 U.S. 26, 37 (1976).  Justiciability is defined as "whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." Warth v. Seldin, 422 U.S. 490, 498 (1975).  Three elements comprise the "irreducible constitutional minimum of standing": (1) an "injury in fact"; (2) an injury that is causally connected to the conduct of which the plaintiff complains; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also Griffin v. Holt, No. 3:08-CV-1028, 2008 WL 5348138, at *2 (M.D. Pa. Dec. 17, 2008).

Petitioner claims that he has been unlawfully denied access to the RRC program. (Doc. No. 1 at 3-4.) The government, however, has yet to make a decision as to Petitioner on this issue. Therefore, because a final RRC placement decision was not made at the time the instant petition was filed, it was not ripe, nor is it ripe as of the date of this Memorandum. The Third Circuit has addressed this very issue in the context of inmate challenges to RRC placements and articulated that when "neither a final decision nor a final recommendation [on RRC] has been made …. [the] habeas corpus petition … is not ripe for judicial review." Porter-Bey v. Bledsoe, 456 F. App'x 109, 111 (3d Cir. 2012); see also Stanko v. Obama, 393 F. App'x 849, 851 (3d Cir. 2010) (finding that because no BOP decision had been made in petitioner's case, any injury based on the application of the Second Chance Act was speculative); Wilson v. Strada, No. 3:11-CV-1690, 2011 WL 6369787 (M.D. Pa. Dec. 16, 2011) (stating that when an inmate seeks judicial intervention in the RRC placement process before a final placement decision has been made, a habeas petition must be dismissed because the petition is premature and does not present a justiciable case or controversy). Therefore, Petitioner's petition will be dismissed, as no final agency action has been taken, and this matter is not yet ripe for disposition.

## III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus (Doc. No. 1), will be dismissed without prejudice. Petitioner's motion for status report (Doc. No. 8), will be dismissed as moot. An appropriate Order follows.